IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANITA L. SAVAGE,<br><br>                      **Plaintiff,**<br><br>vs.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>                      **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:06CV391DAK |

      This matter is before the court on Defendant Experian Information Solutions, Inc.'s Motion for Judgment on the Pleadings. The court concludes that a hearing would not significantly aid in its determination of the motion. Accordingly, based upon the memoranda submitted by the parties and the law and facts relating to the motion, the court renders the following Memorandum Decision and Order.

## BACKGROUND

      Plaintiff filed this action alleging claims against Experian for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and intentional infliction of emotional distress. Plaintiff contends that Experian improperly reported that she was responsible for a civil judgment entered against her on July 31, 2003, in the amount of $6,151.34 in favor of Providian. Plaintiff admits that the judgment was entered but disputes the propriety of the judgment on the grounds that it is in violation of a settlement agreement she had previously reached with

Providian. Plaintiff alleges that she notified Experian of her disputes with the validity of judgment and Experian failed to reinvestigate the matter. Experian has reported that Plaintiff is responsible for the disputed judgment since it was entered.

## DISCUSSION

Experian moves for judgment on the pleadings asserting that the FCRA does not provide a right of action in the absence of an inaccurate credit report and its conduct was not outrageous as a matter of law. Plaintiff opposes the motion arguing that Experian did not properly reinvestigate the disputed judgment.

It is well established that in order to state a claim under the FCRA the Plaintiff must demonstrate that his or her credit report contained inaccurate information. *Cassara v. DAC Servs. Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002). It is also well established that collateral attacks against the validity of a reported judgment cannot be the basis for a cause of action under the FCRA. *See Gonzales v. Experian Info. Solutions, Inc.*, 2005 WL 925657 (D. Utah April 20, 2005).

Plaintiff claims that Experian has a duty to demonstrate that it conducted a reinvestigation when she disputed the validity of the judgment. But her dispute as to the validity of the judgment was not a dispute as to the factual accuracy of the report. Her dispute as to the validity of the judgment should have been addressed to an appellate court. Plaintiff admits that the judgment was, in fact, entered. Therefore, there was no factual deficiency in the report and any alleged failure to reinvestigate is moot. Accordingly, the court grants Experian's motion for judgment on the pleadings with respect to Plaintiff's FCRA claim.

Plaintiff's claim for intentional infliction of emotional distress also fails as a matter of

law.  Such a claim must be based on conduct that is "of such a nature as to be considered outrageous and intolerable" and "against the generally accepted standards of decency and morality."  *Franco v. The Church of Jesus Christ of Latter-day Saints*, 21 P.3d 198, 206 (Utah 2001).  "Whether conduct is outrageous enough is a legal question for the court to resolve."  *Matthews v. Kennecott Utah Copper Corp.*, 54 F. Supp. 2d 1067, 1075 (D. Utah 1999).

      In this case, the facts do not even demonstrate that Experian acted improperly.  Experian reported a matter of public record on Plaintiff's credit report, which Plaintiff admits was factually accurate.  The court has concluded that Plaintiff's attempt at collaterally attacking the validity of the judgment does not form the basis for a claim under the FCRA.  Similarly, there is no basis for Plaintiff's claim for intentional infliction of emotional distress.  The court, therefore, dismisses Plaintiff's claim.

## CONCLUSION

      Defendants' Motion for Judgment on the Pleading is GRANTED, and Plaintiff's Complaint is dismissed prejudice, each party to bear its and her own fees and costs.  The Clerk of Court is directed to enter judgment in favor of Defendant.

      DATED this 23rd day of October, 2006.

      BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge